E-FILED
Wednesday, 01 September, 2004 04:14:03 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

FILED
SEP 0 1 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | |
|---|---|
| REBECCA LUCERA, ) | |
| ) | |
| Plaintiff, ) | Judge Baker |
| ) | |
| ) | No. 02-2268 |
| v. ) | |
| ) | |
| CINGULAR WIRELESS, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

### DEFENDANT'S ANSWER TO COUNT II OF COMPLAINT

Defendant Cingular Wireless LLC ("Defendant" or "Cingular Wireless"), by its attorneys, Fisher & Phillips LLP, responds to Count II of Plaintiff's Complaint as follows:[1]

### The Parties

1.   Plaintiff, REBECCA LUCERA was employed as an Area Manager at CINGULAR WIRELESS in Rantoul, Illinois, before she was terminated on August 30, 2001.

**ANSWER:** Defendant admits that Plaintiff was terminated effective August 31, 2001 and that, at the time of her termination, Plaintiff was employed by Ameritech Mobile Communications, LLC d/b/a Cingular Wireless as an Area Manager for Operations at the Rantoul Call Center in Rantoul, Illinois.

2.   CINGULAR WIRELESS is a corporation with offices nationwide, but specifically operating one of its centers in Rantoul, Illinois.

---

[1] On August 26, 2003, Defendant filed Defendant's Answer and Defenses to Complaint providing an answer to paragraphs 1-18 of the Complaint. Also on August 26, 2003, Defendant filed a Motion to Dismiss Count II of Plaintiff's Complaint. The Motion to Dismiss Count II has been denied by the Court. Therefore, Defendant is now answering Count II of the Complaint.

1

Chicago 48371.1

**ANSWER:** Defendant admits that Cingular Wireless Employee Services, LLC is a limited liability corporation with offices in various locations nationwide including the Rantoul Call Center in Rantoul, Illinois.

### Jurisdiction

3. The Defendant, CINGULAR WIRELESS, also operated under the name of SOUTHWESTERN BELL, (also known as "SBC"), and was formerly referred to as AMERITECH CELLULAR, but at all times mentioned herein CINGULAR WIRELESS (hereinafter "CINGULAR") was doing business under that name, or separately/collectively under one of the other corporate names referred to herein, in the Central District of the State of Illinois.

**ANSWER:** Defendant admits that Ameritech Mobile Communications LLC d/b/a Cingular Wireless presently conducts business in the Central District of the State of Illinois since approximately October, 2000 and that, prior to that time, a predecessor entity, Ameritech Mobile Communications, Inc., conducted business in the Central District of the State of Illinois. Defendant denies the remaining allegations contained in paragraph 3.

4. This action arises under Title 42 U.S.C. §2000 (e)-2 (a)(1).

**ANSWER:** Defendant admits that Plaintiff purports to bring Count I of this action under Title 42 U.S.C. §2000 (e)-2 (a)(1). Defendant denies any liability under Title 42 U.S.C. §2000 (e)-2 (a)(1). Defendant denies that Count II of the Complaint arises under Title 42 U.S.C. §2000 (e)-2 (a)(1).

5. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1343 (a)(4).

**ANSWER:** Defendant admits that this Court has jurisdiction over Count I of the

2

Complaint pursuant to 28 U.S.C. §1343 but denies that this Court has jurisdiction over Count II pursuant to 28 U.S.C. §1343.

### Venue

6.     This action properly lies in the Central District of Illinois, pursuant to 28 U.S.C. §1391 (b)(1-2) and §1391 (c).

**ANSWER:** Defendant admits that venue is proper in this district.

### Facts

7.     From approximately January, 1995, if not before, through August 30, 2001, REBECCA LUCERA had performed her duties satisfactorily as an Area Manager for CINGULAR, however, before July, 1999, worked for a predecessor thereof namely either AMERITECH CELLULAR or SOUTHWESTERN BELL. For purposes of convenience, all such parties will be referred to as "CINGULAR."

**ANSWER:** Defendant admits that Plaintiff was hired by Ameritech Mobile Communications Inc. on April 17, 1995 as a Customer Service Consultant. Defendant further admits that beginning on March 5, 2000, Plaintiff began working as an Area Manager for Customer Care for Cingular Wireless and that on July 22, 2001, Plaintiff became an Area Manager for Customer Operations for Cingular Wireless. Defendant admits that Plaintiff was terminated effective August 31, 2001. Defendant denies the remaining allegations contained in paragraph 7.

8.     On August 30, 2001, REBECCA LUCERA was discharged and told by her Director Jack Johnston that it was due to insubordination.

**ANSWER:** Defendant admits that Plaintiff was discharged effective on August 31, 2001,

3

and that insubordination was among several other reasons for her termination. Defendant denies the remaining allegations contained in paragraph 8.

9.     Defendant CINGULAR accused REBECCA LUCERA of insubordination and being absent without leave despite knowing that REBECCA LUCERA and her husband, Jon Lucera (who was employed at the Rantoul center of Defendant, CINGULAR, as a Manager), had traveled to Ocala, Florida, as both were considering transfer and relocation to a center there.

**ANSWER:** Defendant admits that Plaintiff's husband Jon Lucera, was employed by Defendant as a Manager at the Rantoul Call Center. Defendant denies the remaining allegations contained in paragraph 9.

10.    CINGULAR, by and through its Director, Jack Johnston, knew and had reason to know the time and the purpose of the trip to Ocala, Florida, by virtue of the fact that an expense report had been submitted by Jon Lucera on behalf of both and he and his wife, REBECCA LUCERA.

**ANSWER:** Defendant admits that Jon Lucera submitted an expense report on behalf of both he and his wife, Rebecca Lucera, for a trip taken to Ocala, Florida. Defendant denies the remaining allegations contained in paragraph 10.

11.    On the date of termination, August 30, 2001, Plaintiff, REBECCA LUCERA was terminated from employment, but her husband, Jon Lucera, was not terminated but was suspended instead.

**ANSWER:** Defendant admits that Plaintiff was terminated effective August 31, 2001 and that her husband, Jon Lucera, was not terminated. Defendant denies the remaining allegations contained in paragraph 11.

4

Chicago 48371.1

## Count II - Retaliatory Damages

19.  Plaintiff reported Director, Jack Johnston, for seeking reimbursement of mileage, hotel/lodging and related expenses that were not, in fact, earned by verbally reporting such information through the Integrity Hotline of Defendant CINGULAR on or about July and August, 2001.

**ANSWER:**  Defendant denies the allegations in paragraph 19.

20.  In mid-August, 2001, Plaintiff, REBECCA LUCERA, reported Director, Jack Johnston, in writing for seeking reimbursement of expenses as set forth in the paragraph immediately preceding.

**ANSWER:** Defendant admits that on August 27, 2001 and August 28, 2001, Plaintiff sent e-mails to Margaret Franklin containing various complaints regarding Jack Johnston including references to his expense reimbursements.  Defendant denies the remaining allegations contained in paragraph 20.

21.  Less than ten days after the submission of the written reporting of such conduct, Plaintiff, REBECCA LUCERA, was terminated by Director, Jack Johnston.

**ANSWER:** Defendant admits that Plaintiff was terminated effective on August 31, 2001 and that her termination was recommended by Director of Customer Relations, Jack Johnston. Defendant further admits that on August 27, 2001 and August 28, 2001, Plaintiff sent e-mails to Margaret Franklin containing various complaints regarding Jack Johnston including references to his expense reimbursements.  Defendant denies the remaining allegations contained in paragraph 21.

5

Chicago 48371.1

22. Plaintiff, REBECCA LUCERA, was acting in good faith and [sic] reporting Director Jack Johnston and was not discharged for exercising a purely private right.

**ANSWER:** Defendant denies the allegations contained in paragraph 22.

23. As a result of the above-described conduct, Plaintiff REBECCA LUCERA has lost salary and other benefits entitling her to damages in the amount of at least $12,000 per annum and future salary.

**ANSWER:** Defendant denies the allegations contained in paragraph 23.

24. As a result of the above-described conduct, Plaintiff REBECCA LUCERA is entitled to compensatory damages in the amount of $100,000.

**ANSWER:** Defendant denies the allegations contained in paragraph 24.

25. Defendant's conduct entitles Plaintiff REBECCA LUCERA to punitive damages in the amount of $100,000.

**ANSWER:** Defendant denies the allegations contained in paragraph 25.

WHEREFORE, the Plaintiff, REBECCA LUCERA, respectfully prays for judgment in her favor and against the Defendant CINGULAR WIRELESS and for lost salary and benefits in the amount of at least $12,000 per annum and future salary, compensatory damages for $100,000 and $100,000 in punitive damages. Plaintiff further prays for trial by jury. Plaintiff further prays for attorney's fees and costs.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the relief she seeks. Defendant admits that Plaintiff is requesting trial by jury.

## **DEFENSES TO COUNT II**

1.  Plaintiff's claims are barred to the extent she has failed to adequately mitigate her damages.

2.  Plaintiff's own actions contributed to any damages she may have incurred.

3.  The Complaint fails in whole or in part to state a cause of action upon which the Court may grant relief.

>  Respectfully submitted,
>
>  CINGULAR WIRELESS, Defendant
>
>  By:   FISHER & PHILLIPS LLP
>
>  */s/ Nadine C. Abrahams/jxm*
>  Nadine C. Abrahams

Jane McFetridge
Attorney No. 06281580
Nadine C. Abrahams
Attorney No. 6209382
Fisher & Phillips LLP
140 S. Dearborn Street
Suite 420
Chicago, Illinois 60603
(312) 346-8061

7

Chicago 48371.1

## CERTIFICATE OF SERVICE

I, Lorna Geiler, attorney of record for Defendant Cingular Wireless, hereby certifies that I caused to be served a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO COUNT II OF COMPLAINT** on the following party:

> Gary Lietz
> Suite 103
> 1605 S. State Street
> Champaign IL 61820

by depositing the same in the U.S. Mail, at 306 West Church Street, Champaign, Illinois, 61826-6750, on September 1, 2004 before 5:00 p.m.

_____
Lorna Geiler

Chicago 48387.1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| **REBECCA LUCERA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-2268 |
| | ) | |
| **CINGULAR WIRELESS,** | ) | Judge Baker |
| | ) | |
| Defendant. | ) | |

### NOTICE OF FILING

To:   Gary Leitz
      Suite 103
      1605 S. State Street
      Champaign IL 61820

   PLEASE TAKE NOTICE that on September 1, 2004 we filed the **DEFENDANT'S ANSWER TO COUNT II OF COMPLAINT** with the Clerk of the Central District of Illinois, Urbana Division, a copy of which is attached and hereby served upon you.

                                        Respectfully submitted,

                              By:  *Lorna K Geiler*
                                   One of the Attorneys for Defendant

Lorna K. Geiler
Meyer Capel
306 W. Church Street
Champaign, Illinois 61826

Jane M. McFetridge
Nadine C. Abrahams
FISHER & PHILLIPS LLP
140 S. Dearborn Street
Suite 420
Chicago, Illinois 60603
(312) 346-8061

Chicago 48388.1