E-FILED
Friday, 01 October, 2004  03:54:42 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| REBECCA LUCERA, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Baker |
| | ) | No. 02-2268 |
| v. | ) | |
| | ) | |
| CINGULAR WIRELESS, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Cingular Wireless LLC ("Defendant" or "Cingular"), by its attorneys, Fisher & Phillips LLP, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Central District of Illinois, Local Rule 7.1(D), respectfully submits this Motion for Summary Judgment. For its Motion, Defendant states as follows:

1. On December 20, 2002, Plaintiff filed this two count Complaint alleging that she was terminated on account of her gender in violation of Title VII of the Civil Rights Act of 1964 and in retaliation for allegedly complaining about her direct supervisor in violation of Illinois common law. Defendant is entitled to entry of summary judgment on both claims.

2. Specifically, Plaintiff cannot make out a *prima facie* case of gender discrimination because: (1) Plaintiff did not meet Defendant's legitimate expectations; and (2) Plaintiff cannot identify any similarly situated male employees who engaged in the same conduct but were not terminated.

3. Moreover, Defendant has articulated a legitimate, non-discriminatory reason for Plaintiff's termination. Plaintiff's termination was the culmination of a lengthy investigation that disclosed she had intentionally violated established policies and procedures with regard to a trip

she and her husband had taken to visit another Cingular facility located in Ocala, Florida. Defendant's investigation and deliberative process involved not only Plaintiff's direct supervisor and multiple representatives from Defendant, but also included the Regional Vice President, as well as Defendant's Legal and Ethics Departments.

4. Further, Plaintiff's gender discrimination claim fails because she cannot set forth any facts establishing that Defendant's reason for her termination was pretextual. Defendant terminated Plaintiff solely because she violated established policies and procedures relative to her Ocala trip. Neither her gender nor any alleged "complaints" she made about her supervisor were factors in her termination.

5. Plaintiff's state common law retaliatory discharge claim fails on two grounds: Plaintiff is unable to establish that her termination violated a clearly mandated public policy; and she is unable to establish causation. It is undisputed that any "issues" she had regarding her supervisor were neither considered nor discussed during the deliberative process resulting in her termination and thus, could not have been the motive for her termination, particularly since that decision was the consensus of at least seven high level individuals from a variety of departments.

WHEREFORE, for all of the foregoing errors, as well as those set forth in the Memorandum of Law, Statement of Undisputed Material Facts, and supporting materials, Defendant respectfully requests that this Court grant its motion for summary judgment.

Respectfully submitted,

s/Jane M. McFetridge
Illinois Bar No. 6201580
Attorney for Defendant
FISHER & PHILLIPS LLP
420 Marquette Building
140 South Dearborn Street
Chicago, Illinois 60603

Chicago 48888.1                    2

Telephone: (312) 346-8061
Fax: (312) 346-3179
E-mail: jmcfetridge@laborlawyers.com


s/Nadine C. Abrahams
Illinois Bar No. 6209382
Attorney for Defendant
FISHER & PHILLIPS LLP
420 Marquette Building
140 South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 346-8061
Fax: (312) 346-3179
E-mail: nabrahams@laborlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nadine C Abrahams    nabrahams@laborlawyers.com, llewandowski@laborlawyers.com

Richard P Klaus    rklaus@hrva.com, urbecf@hrva.com

Gary R Lietz    glietz@lbflaw.com, slong@lbflaw.com

Jane M McFetridge    jmcfetridge@laborlawyers.com, llewandowski@laborlawyers.com

Edward M Wagner    ewagner@hrva.com, urbecf@hrva.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  N/A

    Respectfully submitted,

    s/Jane M. McFetridge
    Illinois Bar No. 6201580
    Attorney for Defendant
    FISHER & PHILLIPS LLP
    420 Marquette Building
    140 South Dearborn Street
    Chicago, Illinois 60603
    Telephone:  (312) 346-8061
    Fax: (312) 346-3179
    E-mail: jmcfetridge@laborlawyers.com

    s/Nadine C. Abrahams
    Illinois Bar No. 6209382
    Attorney for Defendant
    FISHER & PHILLIPS LLP
    420 Marquette Building
    140 South Dearborn Street
    Chicago, Illinois 60603
    Telephone:  (312) 346-8061
    Fax: (312) 346-3179
    E-mail: nabrahams@laborlawyers.com